[No. 1734.]

#### Frank Mathews *v.* The State.

1. **Theft — Indictment — Ownership.** — Indictment charging the theft of a horse alleged that the animal was taken from the possession of "Jesse French, the owner thereof," etc. *Held*, unusual in form, but ample to charge the ownership of the stolen animal.

2. **Same — Continuance.** — The action of the trial court in refusing an application for a continuance, though it be in strict compliance with the statute, and discloses the exercise of due diligence to obtain the absent testimony,

will not be revised by this court when it not only does not appear that the desired testimony was probably true, but appears, as in this case, contradictory to the defendant's own statements.

3. SAME — CIRCUMSTANTIAL EVIDENCE — CHARGE OF THE COURT.— Refusal of the trial court to give a special charge upon the law of circumstantial evidence, when the guilt of the accused is made to depend alone upon that character of evidence, is fundamental error.

APPEAL from the District Court of Milam. Tried below before the Hon. W. E. Collard.

The conviction was for the theft of a horse, the property of Jesse French, in Milam county, Texas, on the 10th day of August, 1884. A term of ten years in the penitentiary was the penalty awarded.

Jesse French was the first witness for the State. He testified that he lived in Bastrop county, Texas, about two miles distant from the town of McDade. Early in the month of August, 1884, the witness lost a sorrel mare. She was taken from her range near the witness's house. She was somewhat irregular in coming up at night. Witness last saw her on the range on Wednesday, and missed her on the following Saturday. She was taken by some one without the knowledge or consent of the witness, on the night of Friday. Witness saw the defendant in the neighborhood a day or two before he missed his mare. He saw no more of the defendant until after his arrest. About two weeks after the mare was missed, the witness found her in the possession of Mr. S. McCoy, at Rockdale, Milam county, Texas, from whom, upon proof of ownership, he recovered her. The witnesses Ed. Milligan and Jim Mitchell knew the animal well. Rockdale was some forty or fifty miles from the residence of the witness.

Ed. Milligan testified, for the State, that he lived near the witness Jesse French, in Bastrop county, and had known that gentleman for twenty years. He knew the sorrel mare owned by French, and alleged to have been stolen by the defendant. The witness identified the defendant as the party charged in the indictment. He first saw the defendant about 12 or 1 o'clock at night, early in August, 1884,— on or about the 8th of that month. Witness, *en route* home from church, met him on the McDade and Lexington road, traveling east towards Lexington and from Mr. French's house. The point of the meeting of the witness with the defendant was some two or three miles distant from French's house. The defendant at that time was riding Mr. French's sorrel mare,— the animal in question — and was leading a brown pony. The witness recognized the sorrel mare at once, but did not then know that she

was stolen. The defendant was the man who had French's sorrel mare on that occasion. Witness talked with him an hour or more, saw him well at close range on a clear moonlit night, and could not be mistaken. The defendant was then in his shirt sleeves, and was armed with a pistol. He made inquiries of the witness concerning a bay pony which, he said, escaped from his camp with a rope. He told the witness that he trailed the pony to the house of a German, where he found the rope, the German informing him that he found the pony entangled in the rope, which he took off and turned the pony loose. He further said that he sold the pony to the German for $15, but did not intend to allow him to keep the animal at that price. Witness told the defendant that he had seen nothing of such a pony as he described, but that he heard the boys behind speak of having seen it. Defendant then requested the witness to await the arrival of the boys with him, which the witness did, meanwhile and for some time after, engaging him in conversation. In the course of the conversation, the defendant informed the witness that his name was Frank Jones, and that he had purchased the sorrel mare in Austin. He then asked the witness to hunt the pony, and hold him for him. On the Monday following he heard of the theft of French's sorrel mare, and told French of seeing the defendant with her on the preceding Friday night. Witness knew the German spoken of by the defendant, but could not recall his name. He lived near French's house, about two miles from McDade, on the main road.

Jim Mitchell testified, for the State, that he came upon the defendant and Milligan in the road, talking, on the Friday night mentioned by Milligan. He corroborated Milligan's narrative, except about the bay pony, of which he heard nothing.

S. McCoy testified, for the State, that he knew both the prosecuting witness Jesse French and the defendant Frank Mathews. On Saturday, the 8th or 10th day of August, 1884, the defendant, in the town of Rockdale, Milam county, in the presence of a large number of people, traded the witness the sorrel mare in question. He told the witness that he got the mare near McDade, which is thirty-five miles distant from Rockdale. About two weeks after this trade, Jesse French appeared, claimed, proved and recovered the mare. Witness and Constable Cone then went in pursuit of the defendant, and found him at home on the K. Sting's place, about fifteen miles from Rockdale. Witness hailed defendant, and told him that the mare had escaped, and asked where she ranged that he might endeavor to recover her. After considerable hesitation, the

defendant said that her range was on Brushy, a creek in Milam and Williamson counties, which nowhere runs near the town of McDade. Constable Cone then arrested the defendant. Nothing was said about arresting the defendant until he made the statement recited in reply to the witness's question. Constable Cone had his pistol on his person at the time. The defendant's name is Frank Mathews.

The defense objected to the competency of this testimony because it recited the statements of the defendant made upon the eve of arrest. The objection was overruled. The State closed.

P. H. Mathews, the brother of the defendant, and his wife Belle Mathews, testified for the defense that they once saw a man who claimed that his name was Archie MacWright, and that he lived in Williamson county.

The application for a continuance, the court's action upon which is the subject-matter of the second head-note of this report, affirmed that the defendant expected to prove by the absent witness Mac-Wright that he, defendant, purchased the alleged stolen animal from the said MacWright.

The motion for new trial raised the questions discussed in the opinion.

No brief for the appellant has reached the Reporters.

*J. H. Burts*, Assistant Attorney General, for the State.

Willson, Judge. I. It is objected to the indictment that it does not sufficiently allege the ownership of the horse stolen. This objection is not well taken. It is alleged that the horse was taken from the possession of " Jesse French, the owner thereof." Although this is not the usual form in which the ownership of property stolen is alleged, still it is substantially sufficient.

II. Whilst the defendant's application for a continuance was in strict compliance with the statute, and showed that he had used due diligence to obtain the testimony of the witness MacWright, still we cannot say that it was error to refuse it, because, upon consideration of the evidence in the case, it cannot be said that the testimony of said witness, if it had been produced on the trial, was probably true. It was contradicted by the defendant's own statements.

III. This conviction is based upon circumstantial evidence alone. No person saw the defendant take the horse, nor did he confess that he had stolen him. He was found in possession of the horse on the same night, perhaps, that it was stolen, and within two and

a half miles from the residence of the owner thereof, but he claimed at that time to have purchased the horse in Austin. He afterwards claimed to have purchased the same near McDade, a town near the place where the animal was stolen.

While the evidence of defendant's guilt is very cogent, still it is all circumstantial, and in our opinion the charge upon circumstantial evidence requested by defendant's counsel was not only warranted, but was imperatively demanded as a part of the law of the case; and the refusal of the trial judge to give said charge, or a similar one, was such fundamental error, under the repeated decisions of this court, as requires a reversal of the judgment.

Therefore the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered January 31, 1885.]